| | | |
|---|---|---|
| KEVEN GENE PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**THIS MATTER** comes before the Court on the Parties' Cross Motions for Summary

Judgment. (Doc. Nos. 11, 12). Having fully considered the written arguments, administrative

record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social

Security benefits is supported by substantial evidence and **AFFIRMS** the decision. Accordingly,

the Court will **GRANT** Defendant's Motion for Summary Judgment.

## I.      BACKGROUND

Plaintiff Keven Gene Payne ("Payne") seeks judicial review of the Commissioner of Social

Security's ("Defendant" or "Commissioner") denial of his social security claim. Payne filed his

application for supplemental security income on December 11, 2017, with an alleged onset date of

December 4, 2007. (Tr.[1] 15).

In denying Payne's social security claim, the Administrative Law Judge (the "ALJ")

conducted a five-step sequential evaluation. (*Id.* at 17-27). At step one, the ALJ found that Payne

had not engaged in substantial gainful activity since his application date. (*Id.* at 17). At step two,

---

[1]  Citations to "Tr." throughout the order refer to the administrative record at Doc. No. 10.

the ALJ found that Payne had the following severe impairments: lumbar degenerative disc disease, obesity, affective disorder, learning disorder, polysubstance abuse, and anxiety disorder. (*Id.*). At step three, the ALJ found that none of the impairments, or combinations of impairments, met or equaled the severity of a listed impairment. (*Id.* at 18-20). Before moving to step four, the ALJ found that, through the date last insured, Payne had the residual functional capacity ("RFC") as follows:

> to perform light work as defined in 20 CFR 416.967(b) except he can occasionally climb ladders, ropes and scaffolds, and crawl. Can frequently climb ramps and stairs, balance, stoop and kneel. Bilateral overhead reaching can be performed frequently. Can occasionally be exposed to hazards associated with unprotected dangerous machinery or unprotected heights. Can concentrate, persist and maintain pace to understand, remember and carry out unskilled, routine tasks, in a low stress work environment (defined as being free of fast-paced or team-dependent production requirements), involving the application of commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Can deal with problems involving several concrete variables in or from standardized situations. Can adapt to occasional work place changes. Can perform jobs where the worker is largely isolated from the general public, dealing with data and things rather than people. Can perform jobs where the work duties can be completed independently from coworkers; however, physical isolation is not required. Can respond appropriately to reasonable and customary supervision. Should not be openly exposed to accessible alcoholic substances (such as work in a bar, winery, brewery, or alcohol distribution warehouse). Should not be openly exposed to controlled substances, including prescription medications (such as work in a law enforcement evidence facility, forensic lab, pharmaceutical manufacturing plant, medical facility or pharmacy).

(*Id.* at 20). At step four, the ALJ found that Payne had no past relevant work, but found at step five that Payne could perform jobs that existed in significant numbers in the national economy. (*Id.* at 26-28).

After exhausting his administrative remedies, Payne brought the instant action for review of Defendant's decision denying his application for supplemental security income. (Doc. No. 1).

## II.      STANDARD OF REVIEW

2

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456 (4th Cir. 1990); *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so

3

long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

## III.     DISCUSSION OF CLAIM

Payne argues the ALJ erred by failing to properly consider: (1) the opinion of consultative examiner Jerry A. Coffey, PhD; (2) the opinion of state agency psychological consultant Leslie Rodrigues, PhD; and (3) the opinion of treating physician's assistant, Ray Townson, PA-C.  (Doc. No. 11-1).  In response, Defendant argues that the ALJ properly evaluated the opinion evidence and the decision is supported by substantial evidence.  (Doc. No. 13).

For claims filed after March 27, 2017, the regulations provide that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."  20 C.F.R. § 404.1520c(a).  Thus, the treating physician rule is no longer applicable for claims filed after March 27, 2017.  *Gleason v. Kijakazi*, No. 1:20-CV-00350-GCM, 2021 WL 5182102, at *2 (W.D.N.C. Nov. 8, 2021).  Instead, when determining the persuasiveness of medical opinions and prior administrative medical findings the ALJ considers five factors: (1) supportability; (2) consistency; (3) relationship the medical source has with the claimant, including the (i) length, (ii) frequency, (iii) purpose of the treatment relationship, (iv) extent of the treatment relationship, and (v) examining relationship; (4) specialization; and (5) other factors.  *Id.* § 404.1520(a), (c).  The most important of these factors are supportability and consistency:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior

4

administrative medical finding(s) will be.

*Id.* §§ 404.1520(b)(2), (c)(1)-(2).  The ALJ's decision should explain how he considered both of these factors.  *Id.* § 404.1520(b)(2).

### A.  Opinion of consultative examiner Jerry A. Coffey, PhD

First, Payne argues the ALJ failed to properly consider the opinion of Jerry A. Coffey, PhD because the ALJ (1) did not consider the supportability and consistency of Dr. Coffey's opinion, and (2) found Dr. Coffey's opinion unpersuasive because it relied on Payne's subjective history.

Dr. Coffey examined Plaintiff in May 2018.  (Tr. 23).  During the examination, Payne reported agoraphobia, obsessive-compulsive behaviors, and a history of drug use and incarceration. (*Id.*).  Payne was "oriented," "cognitively intact and interacted appropriately," "[h]is speech was appropriate in content and clarity," "[h]is recent memory was fair and his remote memory was good," "[h]e had fair knowledge of basic information," could "do simple calculations," and his abstract thinking and judgment were "good." (*Id.*).  Dr. Coffey opined that Payne did not have "the mental and possibly physical stamina to perform simple repetitive tasks and tolerate the pressured associated with day-to-day work activity due to his phobias and obsessive-compulsive behaviors." (*Id.* at 25).  The ALJ found Dr. Coffey's opinion unpersuasive because Dr. Coffey did not have a longitudinal treatment or examination history with Payne, he relied heavily on Payne's subjective history and presentation, and his opinion was not supported by other objective observation and longitudinal mental status examination findings, including Payne's "self-admitted activities of daily living or the examiner's own mental status evaluation that showed normal memory and good rapport." (*Id.*).

Here, the ALJ properly discussed and evaluated Dr. Coffey's opinion and sufficiently explained why he found it unpersuasive.  In evaluating Dr. Coffey's opinion, the ALJ considered

5

the supportability and consistency factors by noting that Dr. Coffey's opinion is neither consistent with Dr. Coffey's own mental status evaluation nor other objective observation and mental status findings. For the same reasons, the ALJ adequately explained his reasoning for finding Dr. Coffey's opinion unpersuasive apart from Payne's subjective statements. Payne's reliance on *Thompson v. Berryhill*, is unpersuasive because the ALJ adequately explained his reasoning for rejecting Dr. Coffey's opinion, including reasons other than the reliance on Payne's subjective intent. No. 4:19-CV-133-FL, 2019 WL 2980030 (E.D.N.C. Apr. 22, 2019) (concluding rejection of a medical opinion because it relied heavily on the plaintiff's subjective statements was deficient where ALJ did not provide other adequate explanations).

**B. Opinion of state agency psychological consultant Leslie Rodrigues, PhD**

Next, Payne argues the ALJ failed to properly consider the opinion of Leslie Rodrigues, PhD, because he substituted his judgment for Dr. Rodrigues' judgment thereby impermissibly "playing doctor." (Doc. No. 11-1 at 14).

The ALJ considered Dr. Rodrigues' opinion and first found several of her determinations persuasive because she is an expert with significant program knowledge, and the determinations had detailed explanations of the records supporting her findings. As to other portions of her opinion, he concluded

> the ability to understand, remember and carry out "very short and simple instructions" and "simple tasks" in the Mental Residual Functional Capacity Assessment is not well defined, other than to be juxtaposed on the extreme with performing "detailed" instructions or tasks. Consequently, the claimant's ability to perform the mental demands of work requires more clarification in the residual functional capacity. Likewise, it appears from such problematic dichotomy and context that the consulting psychologists were assessing the claimant's minimal mental residual functional capacity regarding the ability to understand, remember and carry out work tasks and not the claimant's maximal mental residual functional capacity (see 20 CFR 404.1545 & 416.945; SSR 96-5p). Finally, the statement of

the claimant "would be expected to miss 1-2 days of work per month due to cognitive fatigue" is speculative, vague, unsupported and unpersuasive.

(Tr. 24).

Plaintiff relies on *Cohen v. Berryhill* for his argument that the ALJ was impermissibly "playing doctor." 272 F. Supp. 3d 779 (D.S.C. 2017). However, *Cohen* is inapposite. In *Cohen*, the court concluded an ALJ errored when he gave little weight to a treating physician's opinion and thereby violated the treating physician rule. *Id.; see also Howard v. Saul*, 408 F. Supp. 3d 721, 731 (D.S.C. 2019) (concluding ALJ erred when he did not give treating physician controlling weight and relied on treating physician's notes as evidence contrary to the medical opinion). As discussed above, the regulations applicable to this case differ from those considered in *Cohen* and the treating physician rule, which generally requires the ALJ to give controlling or great weight to a treating physician's medical opinion, is not relevant to Payne's claim. In determining Payne's RFC, the ALJ conducted a thorough analysis of the evidence and provided sufficient explanations as to the portions of Dr. Rodrigues' opinion that he found unpersuasive.

### C. Opinion of treating physician's assistant, Ray Townson, PA-C

Finally, Payne argues the ALJ failed to properly consider the opinion of Ray Townson, PA-C when he found Townson's opinion unpersuasive, in part, because it was on a checkbox form.

In June 2019, Townson opined that Payne "had marked to extreme limitation in all four domains of mental functioning." (Tr. 25). The ALJ found Townson's "checkbox form opinion unpersuasive" because it was not consistent with Payne's reports of his daily living activities nor his desire to take care of his daughter, and was also not supported by Townson's own treatment notes "which show no mental impairment, but only the occasional complaint by the claimant, which was controlled by medication." (*Id.*).

Here, the ALJ did not err when he found Townson's opinion unpersuasive, in part, because it was on a checkbox form. As an initial matter, as discussed above, the ALJ was not required to give more weight to Townson because he treated Payne. Further, Payne's reliance on *Pate v. Berryhill* is not persuasive. No. 5:16-CV-00864-D, 2018 WL 577998, at *8 (E.D.N.C. Jan. 10, 2018). The *Pate* court acknowledged "check-box or fill-in-the-blank forms are typically considered to be weak evidence" but concluded "the [checkbox] format alone is not a reasonable basis to dismiss the assessments of these treating providers" and that checkbox opinions "may import greater significant when their content is supported by medical records." *Id.* The ALJ did not find Townson's opinion unpersuasive because it was a checkbox form alone; rather, he explained that the opinion was not consistent with other evidence, including Payne's reports of daily living and Townson's own treatment notes.

Payne's remaining arguments largely ask the Court to re-weigh the evidence or substitute its judgment for that of the ALJ, which the Court cannot do. *Hays*, 907 F.2d at 1456. The ALJ built a "logical bridge from the evidence to his conclusion" and his RFC decision is supported by substantial evidence. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). The fact that Payne disagrees with the ALJ's conclusion does not warrant remand. *Phillips v. Berryhill*, No. 8:17-cv-02423-MGL-JDA, 2018 U.S. Dist. LEXIS 218780, at *49 (D.S.C. Dec. 7, 2018) ("[D]isagreements with the ALJ's conclusion rather than valid objections to the ALJ's analysis . . . are not a basis for the Court to overturn the ALJ's well-reasoned findings.").

## IV.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1.      Plaintiff's Motion for Summary Judgment (Doc. No. 11) is **DENIED**;

8

2.      Defendant's Motion for Summary Judgment (Doc. No. 12) is **GRANTED**; and

3.      Defendant's decision to deny Plaintiff Social Security benefits is **AFFIRMED**.

The Clerk is directed to close this case.

**SO ORDERED.**


Signed: March 7, 2022


_____

Robert J. Conrad, Jr.
United States District Judge